# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 210 | **DATE** | 7/30/2003 |
| **CASE TITLE** | Duggan, et al vs. John Terzakis, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Centerpoint's motion to dismiss is granted in part and denied in part. The Court grants Centerpoint's motion to dismiss with respect to Lois Duggan, J. Duggan Parkside LLC, James G. Duggan Trust, and Lois S. Duggan Trust, and denies the motion with respect to James Duggan and J. Duggan 1500 LLC.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | | |
|---|---|---|---|---|---|
| | No notices required, advised in open court. | | | | **Document Number** |
| | No notices required. | | number of notices | | |
| | Notices mailed by judge's staff. | | | | |
| | Notified counsel by telephone. | | | | 26 |
| ✓ | Docketing to mail notices. | | JUL 3 1 2003 | | |
| | Mail AO 450 form. | | date docketed | | |
| | Copy to judge/magistrate judge. | | | | |
| TH | courtroom deputy's initials | | docketing deputy initials | | |
| | | | date mailed notice | | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | | |

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

|  |  |  |
|---|---|---|
| JAMES DUGGAN, LOIS DUGGAN, J. DUGGAN 1500 LLC, J. DUGGAN PARKSIDE LLC, JAMES G. DUGGAN TRUST, and LOIS DUGGAN, | ) ) ) ) ) |  |
| Plaintiffs, | ) ) |  |
| v. | ) ) | No. 03 C 00210 |
| JOHN TERZAKIS, *et al.*, | ) ) |  |
| Defendants. | ) |  |

*DOCKETED*
*JUL 3 1 2003*

## MEMORANDUM OPINION AND ORDER

AMY J. ST. EVE, Judge:

Plaintiffs assert that John Terzakis, Rudy Mulder, Roxanne Gardner, and the entities they owned and controlled "masterminded an illegal scheme to defraud elderly individuals, including James and Lois Duggan, of their life savings" by convincing them to sell their real estate and purchase Defendants' commercial real estate at overvalued prices. (R. 1-1, Compl. ¶¶ 2-3, 6.) Defendants promoted these actions as a way for elderly investors to exit property management without adverse tax consequences. (*Id.* at ¶ 5.) Plaintiffs filed a six-count Complaint against Defendants asserting violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO") (Counts I-III) and the Illinois Consumer Fraud Act ("ICFA") (Count IV), civil conspiracy (Count V), and common law fraud (Count VI).[1] Centerpoint moves to dismiss Counts IV-VI of Plaintiffs' Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Defendants contend that only Plaintiff James Duggan has standing to sue Centerpoint, and that Plaintiffs have failed to plead Counts IV and VI with Rule 9(b) particularity. For the reasons

---

[1] While Plaintiffs claim that they are pleading both common law fraud and fraudulent concealment in Count VI, (R. 15-1, Pls.' Mem. at 10.), they have only pleaded one count of "fraud." While Federal Rule of Civil Procedure 8(a) allows a plaintiff to plead in the alternative, it is clear from the Complaint that Plaintiffs' allegations in Count VI can only support a common law fraud claim. *See infra*, Analysis, Section II. Plaintiffs have not adequately stated a claim for fraudulent concealment because they have not alleged "that the defendant concealed a material fact when he was under a duty to disclose that fact to plaintiff." *Connick v. Suzuki Motor Co., Ltd.*, 675 N.E.2d 584, 593 (Ill. 1997).

stated herein, the Court grants Centerpoint's motion to dismiss with respect to Lois Duggan, J. Duggan Parkside LLC, James G. Duggan Trust, and Lois S. Duggan Trust,[2] and denies the motion with respect to James Duggan and J. Duggan 1500 LLC.

## ALLEGATIONS[3]

Plaintiffs allege that "Terzakis, Mulder, Gardner, TDS and others" advertised that TDS could provide investment solutions to property owners in compliance with Section 1031 of the Internal Revenue Code. (R. 1-1, Compl. at ¶ 40.) Terzakis, Mulder, Gardner, and TDS mailed these advertisements on multiple occasions and ran them in the *Wall Street Journal* at least six times. (*Id.*) The advertisements stated that clients would have to sell their existing real estate and create special purpose entities to hold their new property interests in order to qualify for the purported tax benefits. (*Id.* at ¶ 42.) Although TDS would act as the clients' real estate broker in these transactions, the clients did not know it. (*Id.* at ¶¶ 41, 43.) Defendants sent the clients a list of properties in which they could invest, including the Honeywell Building. (*Id.* at ¶ 44.) Defendants also sent the clients prospectuses omitting purportedly material information including UIT's 50% ownership of TDS, Terzakis' 45% ownership of UIT, Mulder's 45% ownership of UIT, and Gardner's 10% ownership of UIT. (*Id.* at ¶¶ 43-46.) Centerpoint's role in Defendants' scheme relates to the sale and purchase of the Honeywell Building.

Plaintiffs allege that Defendants, including Centerpoint, entered into a fraudulent real estate transaction. (*Id.* at ¶ 47.) In order to induce investment in Defendants' venture at inflated prices, Centerpoint purportedly sold the Honeywell Building, located in Arlington Heights, Illinois, to its purchasers[4] for substantially more than the property's fair market value in

---

[2] Plaintiffs' caption lists Lois Duggan twice and omits Lois S. Duggan Trust, which Plaintiffs name in the "Parties and Related Entities" portion of their Complaint. For purposes of this motion, the Court will assume that Lois S. Duggan Trust is a Plaintiff.

[3] The Court assumes the allegations in Plaintiffs' Complaint are true for purposes of this Rule 12(b)(6) motion. *See Stachon v. United Consumers Club, Inc.*, 229 F.3d 673, 675 (7th Cir. 2000).

[4] Plaintiffs allege different entities as the purchasers of the Honeywell Building throughout the Complaint. (*See, e.g.*, R.1-1, Compl. ¶ 38 ("affiliates of UIT"); *id.* ¶ 48 ("UIT, Terzakis, and Mulder"); *id.* at ¶ 48 ("UIT"); *id.* at ¶¶ 16-17, 55(d) ("Dundee 53 LLC").) Given the alleged interrelation between these entities, the Court will allow Plaintiffs to ascertain through discovery who the true purchasers were. *See Emery v. American Gen'l Fin., Inc.*, 134 F.3d 1321, 1323 (7th

2

September 2000. (*Id.* at ¶¶ 38, 48, 55(d), 55(e).) Centerpoint allegedly kicked-back part of the excess profits to the purchasers through a three-year lease entered into on June 9, 2000. This lease provided the purchasers with the security they needed to obtain a loan for buying the building in the first place. (*Id.* at ¶¶ 38, 55(d).)

Centerpoint's lease covered four vacant blocks. (*Id.* at ¶¶ 38, 53, 55(d).) Centerpoint, which began paying rent on September 6, 2000, only used or intended to use a small fraction of the purportedly leased space. (*Id.* at ¶¶ 38, 55(d).) This ghost lease inflated the building's occupancy to investors. (*Id.* at ¶¶ 38, 55(d), 55(i), 56.) This inflation would only begin affecting investors once the lease's expired. (*Id.* at ¶ 53.)

Centerpoint's participation in Defendants' scheme did not end there. Centerpoint also agreed to furnish UIT and the other defendants with a fraudulent rent roll for the property, which "UIT, TDS and other defendants"[5] sent to investors as part of an offering memorandum in April 2000. (*Id.* at ¶¶ 49, 51, 55(a).) The rent roll listed non-existing tenants, including Invensys. (*Id.* at ¶¶ 50, 55(h).) In fact, Centerpoint was the entity that was leasing the purported Invensys space. (*Id.*) The rent roll also represented that this was a ten-year lease when it, in reality, only covered a three-year period. (*Id.*) Finally, Centerpoint paid the purchasers more than two-million dollars of the investors' money to be released from the lease once the investors purchased all of the buildings' shares. (*Id.* at ¶¶ 55(g), 55(h), 57.)

## LEGAL STANDARD

### I.      Rule 12(b)(6) Standards

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of a complaint, not the merits of a claim. *Triad Assoc., Inc. v. Chicago Hous. Auth.*, 892 F.2d 583, 586 (7th Cir. 1989). In evaluating a 12(b)(6) motion, a court examines the facts alleged in the complaint and draws all

---

Cir.1998). For simplicity's sake, however, the Court will simply refer to these entities as "the purchasers."

[5] Plaintiffs later refer to these parties as "TDS and a UIT affiliate." (*Id.* at ¶ 55(a).) Again, while Plaintiffs' allegations are somewhat inconsistent, the Court will allow Plaintiffs to ascertain through discovery who sent the fraudulent rent roll, given that UIT owned "almost all of the interests in" in its affiliates. (*Id.* at ¶¶ 14, 20, 43.)

reasonable inferences from those facts in the plaintiff's favor. *Stachon v. United Consumers Club, Inc.*, 229 F.3d 673, 675 (7th Cir. 2000). Dismissal is appropriate only when "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spaulding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984). While a complaint ordinarily need not set out in detail the facts upon which a plaintiff bases his claim, *Benson v. Cady,* 761 F.2d 335, 338 (7th Cir. 1985), a plaintiff may not simply attach bare legal conclusions to narrated facts to satisfy federal pleading requirements. *Strauss v. City of Chicago,* 760 F.2d 765, 768 (7th Cir. 1985).

**II.    Rule 9(b) Standards**

When plaintiffs allege fraud, Federal Rule of Civil Procedure 9(b) imposes the additional requirement that "the circumstances constituting the fraud or mistake shall be stated with particularity." Fed. R. Civ. P. 9(b). Particularity requires plaintiffs "to plead in detail the 'who, what, when, where, and how' of the circumstances constituting the fraud." *See Cumis Ins. Soc'y, Inc. v. Peters,* 983 F.Supp. 787, 792 (N.D. Ill. 1997) (quoting *DiLeo v. Ernst & Young,* 901 F.2d 624, 627 (7th Cir. 1990)). That is, plaintiffs must plead "the identity of the person who made the misrepresentation, the time, place and content of the misrepresentation, and the method by which the misrepresentation was communicated to the plaintiff." *Id.* (quoting *General Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1082-83 (7th Cir. 1997)). Plaintiffs, however, need not plead information "uniquely within the defendant's knowledge." *Vicom, Inc. v. Harbridge Merch. Servs., Inc.,* 20 F.3d 771, 778 n.5 (7th Cir. 1994). This particularity requirement applies to Plaintiffs' ICFA claim, *see also DeLeon v. Beneficial Constr. Co.,* 55 F.Supp.2d 819, 825 (N.D. Ill. 1999), as well as their common law fraud cause of action. *See* Fed. R. Civ. P. 9(b); *Boyd Mach. & Repair Co., Inc. v. American Intern. Homes, Ltd.*, 100 F.Supp.2d 898, 900 (N.D. Ill. 2000).

ANALYSIS

**I.    Only James Duggan and J. Duggan 1500 LLC Have Standing to Sue Centerpoint**

To meet Article III's standing requirements, Plaintiffs must allege that they sustained a "personal injury" that is in-fact "fairly traceable to the defendant's allegedly unlawful conduct

and likely to be redressed by the requested relief." *Johnson v. Allsteel, Inc.*, 259 F.3d 885, 887 (7th Cir. 2001) (internal quotation and citation omitted). While Plaintiffs generally allege remediable injury to their business and property, Plaintiffs have attached an exhibit to their Complaint that identifies the individual investors for each of the properties in this case. According to the exhibit, which the Court considers a part of the pleadings, *see Wright v. Associated Ins. Cos. Inc.*, 29 F.3d 1244, 1248 (7th Cir. 1994), only James Duggan and J. Duggan 1500 LLC hold a property interest in the Honeywell Building. Consequently, only James Duggan and J. Duggan 1500 LLC have standing to sue Centerpoint. Accordingly, the Court grants Defendants' motion to dismiss Counts IV-VI with respect to Plaintiffs Lois Duggan, J. Duggan Parkside LLC, James G. Duggan Trust, and Lois S. Duggan Trust.

## II.  Plaintiffs[6] Have Pleaded Counts IV and VI with Particularity

In Count IV, Plaintiffs assert that Defendants violated the ICFA. In Count VI, Plaintiffs allege that Defendants engaged in common law fraud. Although these causes of action have distinct elements,[7] Defendants do not contest whether Plaintiffs adequately have pled those elements. Instead, Defendants maintain that Plaintiffs have not alleged the facts surrounding the fraud with sufficient particularity to satisfy the mandates of Rule 9(b). Because Plaintiffs allege the same facts for both of these counts, the Court's analysis on particularity is the same for Counts IV and VI.

Plaintiffs' allegations satisfy Rule 9(b)'s requirements for three reasons. First, Plaintiffs have sufficiently pled Centerpoint's role in the alleged deceptive act and fraudulent scheme. Plaintiffs claim that Centerpoint sold the Honeywell Building at an inflated price in September

---

[6] The remainder of the Court's opinion addresses Defendants' Rule 9(b) argument with respect to the remaining Plaintiffs, James Duggan and J. Duggan 1500 LLC.

[7] In order to state a claim for a violation of the ICFA, Plaintiffs must allege: "1) a deceptive act or practice by [Defendants], 2) [Defendants'] intent that [Plaintiffs] rely on the deception, and 3) that the deception occurred in the course of conduct involving trade and commerce." *Cozzi Iron & Metal, Inc. v. U.S. Office Equip., Inc.*, 250 F.3d 570, 575-76 (7th Cir. 2001). In contrast, to state a common law fraud claim, Plaintiffs must allege that: 1) Defendants made false statements of material fact, 2) Defendants knew the statements were false, 3) Defendants made the statements intending to induce Plaintiffs' reliance, 4) Plaintiffs justifiably relied upon the truth of the Defendants' statements, and 5) Plaintiffs' damages resulted from reliance on Defendants' statements. *Cozzi Iron & Metal, Inc.*, 250 F.3d at 574.

2000 in order to induce investment, which Defendants began seeking even before the real estate transaction. On June 9, 2000, Centerpoint leased part of the building from the purchasers, who misrepresented the terms of Centerpoint's lease to Plaintiffs and other investors. Significantly, Defendants showed Plaintiffs and other investors an offering memorandum and a rent roll that exaggerated the amount of space and time frame of Centerpoint's lease. Centerpoint also assisted Defendants in defrauding Plaintiffs by listing Invenys as a ten-year tenant in the rent roll, when, in fact, Centerpoint itself was leasing this space for just a three-year period. At closing, Defendants failed to provide Plaintiffs and the other investors with an accurate rent roll. These allegations are sufficient to detail the circumstances constituting the fraud.

Second, the Court must evaluate Rule 9(b)'s particularity requirement in light of its purposes of: (1) protecting defendants' reputations from harm, (2) "minimizing 'strike suits' and 'fishing expeditions,'" and (3) providing defendants with adequate notice. *See Vicom,* 20 F.3d at 777 (citations omitted); *Cumis Ins. Soc'y, Inc.,* 983 F.Supp. at 792-93 (citations omitted). Plaintiffs' Complaint, which alleges over one hundred factual allegations and contains various detailed exhibits, indicates that Plaintiffs conducted a sufficient preliminary investigation. This level of detail evidences that the Complaint is neither a strike suit nor a fishing expedition. Additionally, the allegations provide Centerpoint with adequate notice. Therefore, Rule 9(b) has served its protective functions.

Finally, while Plaintiffs "lump together" multiple Defendants throughout their Complaint, which is typically insufficient to satisfy Rule 9(b) particularity, *see Vicom, Inc.,* 20 F.3d at 778 (citing *Sears v. Likens,* 912 F.2d 889, 893 (7th Cir. 1990)), Plaintiffs also allege substantial overlapping ownership among the entities. Indeed, Plaintiffs allege, in many instances, that there is "no corporate separateness among these entities" and that the entities are the alter egos of one another. (R. 1-1, Compl. ¶ 20, 29, 33, 37.) It is clear that Plaintiffs have provided Centerpoint with sufficient information to answer the allegations. *See Banowitz v. State Exchange Bank,* 600 F.Supp. 1466, 1469 (N.D. Ill. 1985). Accordingly, the Court denies Centerpoint's motion to dismiss Counts IV and VI with respect to the remaining Plaintiffs, James Duggan and J. Duggan 1500 LLC.

### III. Count V Withstands Dismissal

In Illinois, a cause of action for civil conspiracy requires an underlying claim. *See Bober v. Glaxo Wellcome PLC,* 246 F.3d 934, 943 (7th Cir. 2001). Centerpoint bases its entire argument that Count V should be dismissed on its mistaken belief that Plaintiffs did not adequately allege underlying claims in Counts IV and VI. Centerpoint has not raised an independent ground for dismissing Count V. Accordingly, the Court denies Centerpoints' motion to dismiss Count V with respect to James Duggan and J. Duggan 1500 LLC.

### CONCLUSION

James Duggan and J. Duggan 1500 LLC are the only Plaintiffs with standing to sue Centerpoint. Accordingly, the Court grants Defendant's motion to dismiss Counts IV-VI with respect to the following Plaintiffs: Lois Duggan, J. Duggan Parkside LLC, James G. Duggan Trust, and Lois S. Duggan Trust. The remaining Plaintiffs, James Duggan and J. Duggan 1500 LLC, have pleaded Counts IV and VI of their Complaint with particularity. Accordingly, the Court denies Centerpoint's motion to dismiss Counts IV and VI as to those Plaintiffs. In addition, the Court also denies Centerpoint's motion to dismiss Count V because James Duggan and J. Duggan 1500 LLC have sufficiently pleaded an underlying claim for civil conspiracy.

Dated: July 30, 2003

ENTERED

AMY J. ST. EVE
U.S. District Court Judge